v. Daniel Konicek, and Mr. Brian C. Nathanson. Mr. Nathanson, you may proceed. Did you file a motion to file a record? We filed a motion on Friday to file a supplemental record, which the court had previously granted us leave to file as long as we delivered it to the circuit clerk's office in November, which we did. My motion explains, for whatever reason, it didn't get uploaded to this court. Is there any objection to the filing? No, there's no objection. Okay, we'll take the case. We'll take the motion of the case. Thank you, Judge. Thank you. You may proceed. I appreciate it. This case is here on a summary judgment in a legal malpractice case, and I do understand that the standard of review is de novo review. Having said that, I think at the outset it has to be noted that the circuit court judge decided as a matter of law that this case was viable when the motion for summary judgment was presented to him. That the suit against Mr. Haas was still viable as a matter of law, and therefore summary judgment should be entered for the defendants. Now, as this court knows, in the previous appeal, this court ruled that the tolling agreement regarding Mr. Haas and Mr. Cooney was ineffective, that it had to be executed by all parties, and that it was not. Therefore, under contract principles, the statute of limitation was not tolled, and the claim was time-barred. I got involved in this case after this court issued the last opinion regarding the invalidity of the tolling agreement. The trial court interpreted this court's opinion as only applying to the Cooney defendants because Mr. Haas did sign the tolling agreement, even though, as this court observed, the tolling agreement required in paragraph 13 that all parties had to sign the tolling agreement for it to be effective, and all parties had not signed the tolling agreement. Were Cooney and Haas in privity? Cooney and Haas, Mr. Haas was an associate in the Cooney law firm. Cooney and Haas were in privity. Is our 2011 decision the law of the case relative to that or not? Well, Your Honor, we have argued in our brief that your 2011 decision is the law of the case. I don't have to explicate the law of the case doctrine. I'm sure this court is well aware of the law of the case doctrine. Having said that, in addition to our argument in our brief, I think one could approach this analytically as follows. If the contract is ineffective because it requires the signature of all parties, it's ineffective. Now, the fact that Mr. Haas wasn't a party to this appeal, that the Cooney defendants were, because the 2619 motion as to him was denied, therefore he couldn't have been a party to this appeal, doesn't alter the analysis that the tolling agreement as to him was not effective. But by its own, the proposed, I should be more precise, the proposed extension to the tolling, second extension to the tolling agreement was not effective because it had not been signed by all parties as paragraph 13 required of the original tolling agreement. Do we or do you have any case law that would indicate that even though Haas was not a party to the prior appeal, that he is still bound by the law of the case? I mean, is there a case out there that says this or some authority? Is there one on all fours that says that? Or close. Well, we cite the general cases on the law of the case doctrine. I couldn't find one where one party had a motion dismissed as denied, the other party the motion dismissed was granted, the other party litigated the same issue that applied to both parties, and as to whether or not that was the law of the case. Well, Haas may have been an associate with the Cooney firm. Do we know that Haas was an associate, or how do we know that Haas was an associate when the plaintiffs became Haas's client? How do we know that? Is there anything in this record that tells us that? There is, Your Honor. There are numerous references from the affidavits filed by my client. There are references in the deposition testimony that was taken, and by the way, the supplemental record has all of the materials that this court considered in the first appeal when it granted summary judgment to defendant Casey, the seller of the home. So... But wouldn't that be ultimately a question of fact that would be pretty critical here, if they were? Your Honor, I believe the short answer to the question is yes, because I believe that all of these things are questions of fact, including viability. I mean, I understand the defendants arguing viability. Whether or not this court feels that a jury could assess liability is one issue. What I'm arguing to this court as the apollon is the judge could not say on this record that viability is a question of law, and that the case was still viable because I could have gone into the circuit court at DuPage County and see what Mr. Haas was going to say beyond this court's ruling that the tolling agreement was ineffective and the statute of limitations had run on the claim before Mr. Conasec filed it. So, in that regard, the defendants have thrown out, well, maybe Nathanson could have argued a stop. Maybe he could have argued breach of condition. It's sort of an undeveloped argument. They're throwing out possibilities that I could have gone in and said, okay, Mr. Haas, we know this tolling agreement didn't work, and whether it's the law of the case or whether I could just make the same argument that was made before, that the contract is the contract, I think really what it boils down to is this. Are these things that should have been put in a mix as questions of fact for a jury, Justice Hutchinson, or could a trial judge just say, well, the case was pending for two years after the appellate court made its ruling on the validity of the tolling agreement, so it's viable because it hasn't been dismissed with prejudice. Now, that's not the law of viability. The court knows that all these viability cases say, could I have undone or averted the harm that was done before me? As successor counsel, can I come in and pull the bunny out of the hat, so to speak? And I think what defendants are saying in their brief is, well, you should have tried to pull the bunny out of the hat. Let's assume arguendo that somebody should have tried to pull the bunny out of the hat. That doesn't make the claim viable as a matter of law. Those may be issues that a jury could consider, maybe, if there's something more to them than throwing out a stopper or something like that. Well, I mean, if we get right down to it, isn't the judge gave Mr. Haas the right to replete, I think, on the issue of statute of limitations, I think, or an affirmative defense, which would be a statute of limitations. Wouldn't that be a factual issue, too, if he had done that, that needed to be litigated? Your Honor, if this Court's opinion, the last opinion, not the first one against Casey, the one against Cooney, has any validity, and I sure believe it does. When I took Mr. Connisek's deposition, he didn't think it did. But whether it's law of the case or persuasive authority, if Haas pleads the statute of limitations, my comeback is that he wasn't bound by the first opinion. Well, he's going to say, well, the tolling agreement wasn't extended for the same reason the Second District Appellate Court said it wasn't extended. I signed it, but Cooney didn't. So at that point, I guess the defense is saying, well, I should be creative and come up with equitable estoppel or something, even though his breach of condition for filing a brief, they're arguing that he should be estopped because he didn't file a brief in this Court. He didn't file a Mazumdar brief in the Casey appeal the first time. Why Mr. Connisek thought he was going to file something in the second appeal, I don't know. But after he's told on April 9th that he didn't file the brief, as he promised to do by March 31st, he waited three more months to sue him, even though the extension expires after 30 days. So I felt the options were nonexistent in view of the conduct, in view of the two opinions of this Court. But let's say I'm wrong, hypothetically arguendo. I'm wrong. There was some option somewhere. I would respectfully submit to this Court that at the very least, if there was some creative option that I didn't come up with, that that should be put in the mix of viability that's a question of fact for the jury, not end up in a ruling, a summary judgment ruling, saying, well, the case remained pending for a period of time after the second appeal, therefore it was viable, as if a dependency of a case on a docket is the test for viability, which it is not. So I didn't see then or now how I could have averted the harm that was done by the time I got involved in this case. I don't think there's any case in the viability area that requires that you just keep going when it's apparent the case is dead in the water. Well, has the judge or jury at this point, as of today, said, you know, statute of limitations ran before the condescend filed the lawsuit? Has that been a decision? A holding? Had a jury or a judge actually said that? Right. No. Okay. And wouldn't that be an issue that would have to be decided? In my opinion, under the viability cases, no, respectfully. In my opinion, reading this Court's opinion, the statute of limitations fired the claim, period. There was nowhere to go to say that a breach of a condition in a side deal is equitable estoppel. There's no authority for that. When does the statute of limitations run your claim against CONACSEC? The statute of limitations on my claim against CONACSEC. Well, CONACSEC withdrew in 2011 and I sued in 2012. So 2013 would be about the end time? Yes. He was timely sued by my firm. In fact, his complaint had a question of timely suing. It's a question of what are you supposed to be doing insofar as, are you supposed to wait until any claim against Haas has been resolved before you file suit against CONACSEC? In all candor, Your Honor, there is one decision that talks about that. And that's the Lucey v. Pretzlow-Stouffer case, which I noticed on the plane no one had argued in this appeal. The Lucey case says that a legal malpractice case can be premature if there are issues still being litigated in the underlying case. So does that mean that we dismiss this without prejudice or does it mean the case stays or is there something about the law of the case that suggests that your suit against CONACSEC is timely? I think I agree with the latter point, but there's another point under Lucey. When I filed the suit against CONACSEC, the separate action, while the Haas case was still pending, at least according to defense, as far as I was concerned it was dead after, as you know, after this Court's opinion. But when I filed the suit against CONACSEC, the defense counsel did not raise the Lucey prematurity argument. They filed a 2619 motion to dismiss that argued the viability doctrine, which can apply before or after whatever. The viability doctrine can apply at any time. But there was a prematurity argument that could have been made and that was not made. So I don't know why it was not made, but it wasn't. The Lucey case is sometimes applied candidly and sometimes, maybe like a lot of cases, not applied. Thank you. You'll have an opportunity to make a proposal. Thank you. Is it Mr. Lange? I know several Lange's, but they are L-A-N-G. Lange's with the S is a little bit more normal. I don't think I know anyone else with the same last name. He's not in my family. Okay. You may proceed. I may approve the court counsel. I represent the defense, Daniel CONACSEC, and CONACSEC and Dillon in this matter. I want to start by suggesting a couple of things. Sure. You need to speak closer to the microphone. One of our colleagues will be listening to this online, and she needs to be able to hear what you're saying, please. Sure. My apologies. I wanted to start by addressing some of the key points that were just raised during Mr. Nathanson's argument. But first I wanted to start with the motion that Mr. Nathanson filed on Friday. With respect to those documents, you know, we filed a motion to shrug a couple weeks ago. We served the motion out of Mr. Nathanson. He didn't respond. Well, you have an objection due tomorrow, don't you? That I don't know. This motion was filed Friday, I think, Thursday or Friday. So you have until tomorrow to file an objection. Okay. Well, I guess we can address that in writing. I didn't know if we were just going to address it in oral argument, but we can certainly address that in writing tomorrow, Your Honor. It's your time. You can use it how you wish. All right. Well, I'll move on then, and we'll address that motion in writing. That makes things easier, I think. The first question I think that you had for Mr. Nathanson is, is Mr. Haas and Mr. Cooney imprivity? And I think that it's clear that when the case first started that they were imprivity. But we did raise in our motion or in our response on page 21 the indications that they're actually, sometimes during this representation, Cooney and Haas weren't in agreement that Cooney and Haas were imprivity anymore. And that's based on some of the addresses that are on the stationery of Mr. Haas in representing the plaintiffs in this case and Mr. Cooney's statements to the trial court when he was addressing his motion to dismiss. So I'm not sure that there is a clear answer on that, but I don't think it's undisputed that they were imprivity. With respect to whether or not for law of the case to apply here, and when I say law of the case, I'm talking about the first Rule 23 order on the Haas and Cooney case versus the Casey case, which was another Rule 23 order, which is the second underlying case in this manner that I'm hoping to get to. Regardless, under the misdemeanor case that we cited in our brief, regardless if there was privity for the rule of the case to apply, for the Cooney Rule 23 order to apply to Haas, the issues need to be the same. And here the issues are not the same. Here the issues aren't the same because there were all these other arguments that Mr. Nathanson referred to as creative arguments that could have been raised in the underlying trial court, including whether or not the statute of limitations for Haas for some reason was told under fraudulent concealment theory or estoppel theory, or even if he would have waived his statute of limitations for some of those reasons. And I think that if you look at the transcript on the motion to dismiss, when the underlying trial court granted the motion to dismiss as to Cooney and did not grant it as to Haas, when it was basically the same motion, Mr. Cooney admits during that – in that trial transcript that he didn't even know that there were some of these side agreements between Mr. Haas and the connoisseur defendants. So – Well, and wouldn't that be a question of the fact that there was indeed a side agreement? Sure. Wouldn't that have to be determined, too? Sure, Your Honor. But the problem with that argument is that if there was supposed to be a – if there was a question of fact in these arguments, if you recall, the plaintiffs in this matter filed a cross-motion for summary judgment, and they also argued in response to the connoisseur defendants' motion for summary judgment that no expert testimony was needed. And if you look at the Barthleby-Ragan case that was cited in their brief as well, the Barthleby-Ragan case says that expert testimony is required unless there's some extraordinary circumstance to prove the standard of care in a legal malpractice case. And you also have their – I would call it omission with their cross-motion for summary judgment, but there are no factual issues. And they also argued that they didn't need expert testimony. But I think if you look at the fact that the underlying trial report on the motion dismissed against Haas ruled that – and you also look at the trial court on motion for summary judgment in our case, stating that he thought that the tolling agreement as to Haas was effective, whereas it wasn't, I guess. You said that expert testimony is required? It's required unless there's an extraordinary circumstance where something is so obvious that expert testimony is not required to prove a legal malpractice case. Well, whether or not there was a side agreement, how does that relate to malpractice such that you need some expert testimony to suggest what the standard or the duty for the industry is and whether or not there's been a breach when we're talking about the execution of a contract? Well, when you're talking about the underlying case for Mr. Haas, the legal malpractice case for Mr. Haas, which needs to be approved as well, you need to have expert testimony to determine what the standard of care was when Mr. Nathanson took over the case and whether or not he had a duty or breached the standard of care in not raising some of these defenses, not raising the estoppel defense, not raising the standard of the fraudulent consumer defense, Your Honor. And in stating that they don't need expert testimony for that, I think that it would be required. Was there a side agreement between Haas and Nathanson? There were admittedly a couple of side agreements, Your Honor. And the side agreements were that Haas was representing that he was going to file this appeal. So whether he did or he didn't, aren't these additional factual issues for purposes of determining whether or not there's been malpractice? Well, I think what I guess the point would be, Your Honor, is that if there was no expert testimony, there wouldn't be any way for a jury to decide those factual questions. And if this Court can affirm on any basis, I would argue that because there was no expert testimony, there's no basis for this Court to find that the summary judgment wasn't confirmed. Do you agree with Mr. Nathanson that the second decision, I believe it was, affected Mr. Haas, if you recall correctly? I would disagree with that, Your Honor, for the reasons I was stating about the rule of the case. And I think, one, it's because we're not sure that there was privity there, and, two, the issue's not the same. Here, the issue's with respect to Mr. Kuehling, and I think it's the same. Well, isn't whether privity was there, isn't that another factual issue? That would be a factual issue, Your Honor. But, again, I think that the reason the factual issues are not even really an issue in this case, on summary judgment, is because there was no expert testimony. Well, if the decision determined that because there wasn't a signature by all parties that the tolling was ineffective, then does that not mean that there was no further tolling and that the statute ran both for Cooney and for Haas? No, I would disagree with that, Your Honor. And the reason being I would disagree with that is that because Haas had made these representations to the countess defendants that he was going to do certain things to affect the tolling of the statute of limitations and did not do those things. That was fraudulently concealing the cause of action, and that was causing and preventing the countess defendants from time to time. So you're saying that the judge said that Mr. Haas could raise affirmative defenses, but then the plaintiff could raise a stopple on the affirmative defenses? Well, what I'm also saying, Your Honor, is that the judge not only said that Mr. Haas could file affirmative defenses with his answer, he denied the motion to dismiss, and the motion to dismiss was based on the claim being time-barred. And that's the same exact motion to dismiss that they granted with respect to Cooney that went out to the appellate court on the Rule 23 order. So we have here the trial court judge making a distinction between Haas and Cooney, the distinction being that there were some issues with respect to the way that Haas addressed the tolling agreement with the side agreements with Haas that Cooney wasn't aware of, that those were the reasons that the trial court in that case denied the motion to dismiss as to Haas but granted it as to Cooney. If there is privity, isn't there joint and several liability? There would be joint and several liability if there was privity, Your Honor. And if there's joint and several liability, is the dismissal of one the dismissal of all, or is it the retention of one is retention of all? What happens in this case when two people are jointly and severally liable, one is found subject to dismissal and the other isn't? Your Honor, there's actually a case law on this with respect to the fraudulent concealment statute. And with respect to the fraudulent concealment statute, if an agent of a law firm, for instance, if Haas was an agent of a Cooney law firm, fraudulently conceals the cause of action or otherwise prevents the filing of the cause of action, and the principal is not involved in that and isn't aware of that, the principal is not, the statute of limitations is not told that it's the principal. It runs. And the statute of limitations is told that it's the agent. So that's the exact scenario that we're talking about right here, is that the trial court found that with respect to Haas, you know, there were some issues as to why the motion to dismiss was not granted. And with respect to Cooney, there weren't any issues. With respect to Cooney, they granted the motion to dismiss, and they granted the Rule 304A language, and it went up on the Rule 23 appeal, Rule 23 order. Excuse me. So is it possible that based upon the trial court's ruling and judgment that he was correct and that there is viability, but there may still be issues of facts such that summary judgment should not have been granted? I think that it's possible that there would have been some sort of defenses raised, there would have been some sort of response to those, but the problem is, Your Honor, we don't know what those would have been in this situation because Mr. Nathanson chose to sue my clients, the concepts in the one practice, prematurely before addressing those issues in the trial court. So what we're left with, Your Honor, is an order, an adverse judgment. Well, did you hear Mr. Nathanson say you never raised prematurity? Do you disagree with that? Well, I would say that prematurity and viability, Your Honor, are actually related. They're related in the fact that… Concessuously or otherwise? Well, I wouldn't use the word concessuously, but I would say that they are related in that if a case is premature, that means that the underlying case is still viable. I mean, I would say that it goes vice versa. So in Lucy… So should this have been a dismissal without prejudice instead of a dismissal with prejudice, or no summary judgment at all should be something in the nature of a dismissal because there's a suit pending between the parties? No, I'd say… Other than this one? I would say, Your Honor, that no, it should have been a dismissal with prejudice, and the reason being is that the underlying claim against Haas was ultimately dismissed for wanted prosecution. It was not dismissed because it was time-bound. It was dismissed for wanted prosecution. And for there to be a legal malpractice case, there needs to be actual damage that were approximately caused by the reason for the adverse judgment. Well, if Mr. Nathanson is correct and the horses left the barn, then the DWP is a melody. It's a wave goodbye as the horses run away. Well… Isn't that a factual issue? What I would argue, Your Honor, is that it's not a factual issue because for the very reason that there was a DWP. Because there was a DWP and we don't know what happened, and this brings into the other case that we're studying, Your Honor, with regard to natural damages, the Glastonbury-Pitler case. In the Glastonbury-Pitler case, the appellate court found that because the trial court at issue on the legal malpractice case was faced with a decision of how a judge should have ruled or would have ruled, notwithstanding how he actually should have ruled because the law wasn't clear, that the damages were speculative. And I think that's kind of what happens here, Your Honor. I think the damages are speculative in that we don't know how this case would have played out. We don't know what would have happened. We don't know whether or not Haas would have raised these fraudulent concealment issues. We don't know whether or not he would have waived his session limitations. But what we do know is that the case wasn't prosecuted. And because it wasn't prosecuted, these issues weren't flushed out. And ultimately, the trial court case was dismissed from the prosecution and not because of its time limit. It appears this is a Gordian Act. And I think that's why cases under the viability doctrine in the Lucie case exist, Your Honor. And the reason that those cases exist are because there needs to be, unless there's an extraordinary circumstance, an adverse judgment in order for the plaintiff, a legal malpractice plaintiff, to be injured. And when I say injured, it means that they sustained actual damages. And that gets back into the Glassman-Fitler case. Did you ever run across in your research a case involving two sets of lawyers who allegedly committed malpractice? Maybe in some will cases where somebody committed a malpractice in the inception of the document. And then later on, a lawyer or a law firm blew the statute because they filed the claim late. That would be two malpractices. But I don't recall ever reading a case where two lawyers in succession representing a client based upon allegedly the same factual transaction were charged with malpractice. Let me make sure that I follow you on that, Your Honor. Are you talking about this being a case within a case within a case? Or are you talking about Cooney and Haas both being charged with malpractice? I'm talking about Haas and Cooney's law firm committing malpractice, and then Conasec committing malpractice. And you know, Your Honor, I didn't run into anything. I didn't run into any research where a legal malpractice plaintiff had to prove an underlying legal malpractice case, which in order to prove that case, they needed to prove another underlying case. I didn't run across anything in my research. But I think if you apply, you know, what the elements are to a legal malpractice case to this case, I think it would necessitate that they not only prove the underlying legal malpractice case, that they also prove the underlying leaky roof case. And unless Your Honor has any more questions about the underlying legal malpractice case, I'd like to get into that, because I don't. No, your time's up. Thank you. Do you have any questions, Susan? No. Thank you. Thank you. Mr. Nathanson, you may proceed. Thank you, Your Honor. A couple points. I admire Counsel's candor in answering that the privity was initially there between Haas and the Cooney firm. He said, I believe, at some point it ended. I'm unfamiliar with that, but I would argue that at the very least, if privity is relevant and Haas being bound by what happened on the Cooney appeal is relevant, which it may well be, then there's a question of fact when, if ever, the privity ended. That's number one. On the prematurity, the Lucy doctrine and Lucy motions, I do legal malpractice more than occasionally, as does Mr. Marconi and Mr. Langs. On the defense side, the Lucy doctrine is a well-known. I've had cases dismissed on prematurity grounds without prejudice after filing them as legal malpractice cases. A Lucy motion was not filed in this case, arguing that the Haas claim was still pending, therefore, I couldn't suit connoisseur. Well, is a motion for summary judgment the same thing as a motion to dismiss based upon prematurity? Because it seems to me that a motion for summary judgment, if it's granted, is a final judgment,  whereas a motion to dismiss based upon prematurity, it would seem to me, would probably mean that it's premature, which means it's not a judgment on the merits, which means that it's not with prejudice. Does that make sense to you or not? It not only makes sense, Justice McLaren, but I had a federal judge to grant a Lucy motion, dismiss with prejudice, and then when I moved to vacate the with prejudice to make it without prejudice, the judge said, you're right, a Lucy motion is a dismissal without prejudice on prematurity grounds, as the case says, not a dismissal with prejudice. So that is precisely what a Lucy motion is, and it was not filed here. Mr. Marconi and the Johnson & Bell firm filed a 2619 motion, but it did not raise Lucy while the Haas claim was pending. So to argue now that I shouldn't have sued Mr. Conasec, I should have first litigated with Mr. Haas for another period of years to see what he might come up with, I don't think my client was required to do that. As far as the expert testimony issue that came up when you were questioning counsel, normally an expert is required in a legal malpractice case except when the malpractice is not beyond the can of a jury. When the jury in a common sense situation, like running under statute of limitations, can decide whether the lawyer was or was not negligent, then there is no reason to have an expert. But there's a lot of law on that point, especially under the statute of limitations. So I don't see what, candidly, what the expert witness issue is here at all. All kinds of experts testified in the underlying roof case. As the supplemental record shows, the guy, Tushol, who wrote the roof inspection report and the roofing contractor testified in the underlying case before this court decided the first appeal in Casey, which I did want to say something about before I sit down. This court said in its first decision in this saga, on page 11, the record supports the trial court's finding that plaintiffs were not diligent in filing their response to the motion for summary judgment. In fact, Haas didn't file it at all. At all. And the court pointed out he had an affidavit of protema misumdar regarding fraudulent concealment, and he didn't file that either. So why, down the road, after he blew the first appeal, Mr. Katasek is negotiating with him regarding filing briefs, and if you don't do this by this date, and how Haas would be equitably stopped from raising the statute of limitations, how a lawyer could reasonably rely on any representation he made to file a brief, I don't see either. So unless the court has more questions, I thank the court for the court's consideration and rely on our briefs. Do you have any questions? Well, I was thinking of one, but I think I'll go to the brief. Thank you. Saved by the bell. Thank you. The court's adjourned. There are no more cases on the call. Thank you.